UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden |
| | : | Crim No. 06-911 (KSH) |
| v. | : | |
| | : | [~~PROPOSED~~] ORDER |
| DAVID KIRKLAND | : | |

A hearing being held on the 11th day February, 2009, it is hereby ORDERED that:

1. Defendant's motion to strike overt act 9(i), suppress any evidence regarding the January 1, 2004 burglary in Hasbrouck Heights, and dismiss the Second Superseding Indictment is DENIED;

2. Defendant's motion to disclose Grand Jury materials is DENIED;

3. Defendant's motion to preclude evidence of 94 uncharged burglaries is DENIED;

4. Defendant's motion for a hearing regarding statements made by defendant to Demetrius Owens in the Hudson County Jail is DENIED;

5. Defendant's motion to dismiss for violation of the Speedy Trial Act is DENIED;

6. Defendant's motion to compel disclosure of any orders authorizing the installation of a Global Position System on defendant's vehicle is DENIED as moot based on the Government's representation that said order will be disclosed prior to trial;

7. Defendant's motion to strike any references to the alias "Crazy" from the indictment and any references to this alias at trial is GRANTED;

8. Defendant's motion to transfer venue or vicinage due to pretrial

publicity is DENIED;

9. Defendant's oral motion to preclude any references to the "James Bond Gang" at trial is DENIED WITHOUT PREJUDICE. The Government shall notify defendant how it intends to present any evidence of the "James Bond Gang" at trial and defendant may renew his motion if he objects to this presentation;

10. The Government's *in limine* motion to admit evidence of defendant's conversations with Terence Lawton at FCI Otisville, to admit evidence of prior burglaries, and to admit evidence of defendant's prior conviction in the Southern District of New York is GRANTED IN PART and DENIED IN PART as follows:

   a. The Government may introduce evidence that defendant and Government witness Terence Lawton had discussions at FCI Otisville during which they planned to commit burglaries;

   b. The Government may introduce evidence that these discussions included plans to avoid detection in part by changing the way they committed future burglaries from the way defendant and Lawton had committed burglaries in the past;

   c. The Government may introduce evidence that defendant and Lawton were incarcerated at the time these conversations took place; and

2

    d.    The Government is precluded from introducing evidence of defendant's RICO conviction in the Southern District of New York;

11. The Government's *in limine* motion to admit evidence of defendant's statements to the Bergen County Superior Court regarding the Hasbrouck Heights burglary on January 1, 2004 is GRANTED IN PART as follows:

    a.    The Government shall strike any reference to the phrase "Guilty" from defendant's allocution; and

    b.    Rather than having the transcript or tape of the plea proceeding admitted into evidence, defendant may choose to enter into a stipulation with the Government which provides that defendant made statements under oath regarding the Hasbrouck Heights burglary. If the defendant declines the Government's proposed stipulation, the Government may introduce the tape and transcript into evidence;

12. The Government's *in limine* motion to admit evidence regarding information provided by defendant to his Probation Officer is WITHDRAWN. The parties shall attempt to enter into stipulations regarding these matters. If the stipulations are not agreed upon, the Government may renew its motion;

13. Defendant shall notify the Court and the Government no later than Friday, February 13, 2009 of any request to postpone the trial date of February 23, 2009.

*[signature]*

HON. KATHARINE S. HAYDEN
United States District Judge

IT IS SO ORDERED:
February 13, 2009