UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :     Crim. No. 06-911 (KSH)

v.                                :

DAVID KIRKLAND                    :     Hon. Katharine S. Hayden

## ORDER

Presently before the Court are various motions for sentencing enhancements, departures, and variances. Upon consideration of the parties' written submissions and the oral arguments held before the Court at the sentencing hearing on October 2, 2009, it is hereby ORDERED that:

(1) the Government's request for an enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(J), based on the argument that the defendant should be responsible for losses in excess of $2,500,000, is DENIED;

(2) the defendant's request for an enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(F), based on the argument that the defendant should not be responsible for losses in excess of $140,000, is DENIED;

(3) the Government's request for an enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(C), based on the argument that the offense involved in excess of 250 victims, is DENIED;

(4) the defendant's request for an enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A), based on the argument that the offense did not involve in excess of 50 victims, is DENIED;

(5) the Government's request for an enhancement pursuant to U.S.S.G. § 3C1.1, based on the argument that the defendant obstructed justice, is DENIED;

(6) the Government's request for an enhancement pursuant to U.S.S.G. § 2B1.1(b)(13)(B), based on the argument that the defendant possessed firearms in connection with the offense, is DENIED;

(7) the Government's request for an enhancement pursuant to U.S.S.G. § 3B1.1(a), based on the argument that the defendant was an organizer and leader of a criminal activity that involved five or more participants or was otherwise extensive, is GRANTED;

(8) the defendant's motion that two prior convictions not count towards his criminal history category is DENIED;

(9) the Government's request for an upward departure pursuant to U.S.S.G. § 2B1.1, Application Note 19(A)(ii), based on the argument that the offense caused or risked substantial non-monetary harm, is DENIED;

(10) the Government's request for an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1), based on the argument that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history and the likelihood that he will commit other crimes, is DENIED;

(11) the defendant's motion for a downward departure pursuant to U.S.S.G. § 3E1.1, based on the argument that the

defendant accepted responsibility for his offenses, is DENIED;

(12) the defendant's motion for a downward departure pursuant to U.S.S.G. § 5K2.0, based on the argument that the defendant has had post-offense rehabilitation, is DENIED;

(13) the defendant's *pro se* motion for a downward departure pursuant to U.S.S.G. § 5K2.0, based on the argument that the defendant has endured harsh conditions of pretrial confinement at the Hudson County Jail, is DENIED;

(14) the defendant's *pro se* motion for a downward departure based on a number of arguments, including "disparity among codefendant Jeffrey Gamble," "multiple causation," and "criminal history," is DENIED;

(15) the defendant's *pro se* motion for a downward departure based on a number of arguments, including alleged "government misconduct," "childhood," "multiple causation," and "disparity among codefendants," is DENIED;

(16) the defendant's request that he be given credit for time he spent on house arrest is DENIED; and

(17) the Government's motion for an upward variance pursuant to the sentencing factors set forth at 18 U.S.C. § 3553(a), is GRANTED.

Oct. 8, 2009

/s/ Katharine S. Hayden
HON. KATHARINE S. HAYDEN
United States District Judge